UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Case №:

NEWMONT GHANA GOLD LIMITED,
GOLD FIELDS GHANA LIMITED,
ANGLOGOLD ASHANTI (GHANA)
LIMITED, AND GOLDEN STAR
(BOGOSO/PRESTEA) LIMITED,

       Plaintiffs,

v.

HILLER SYSTEMS, INC., DAVIS &
ADAMS CONSULTING SERVICES, INC.,
PROENERGY INTERNATIONAL
SERVICES, INC., and PLAINVILLE
ELECTRICAL PRODUCTS CO., INC. a/k/a
PEPCO,

       Defendants.

_____/

## PROENERGY INTERNATIONAL SERVICES INC.'S
## NOTICE OF REMOVAL

Defendant, PROENERGY INTERNATIONAL SERVICES, INC. ("ProEnergy"), by and

through its undersigned attorney, hereby provides its Notice of Removal of Plaintiffs' state court

action from the First Judicial Circuit in Walton County, Florida to the United States District

Court for the Northern District of Florida, Pensacola Division pursuant to Local Rule 7.2. This

Court has (1) federal question jurisdiction under 9 U.S.C. §§ 201 *et seq*, and (2) diversity

jurisdiction under 28 U.S.C. § 1332. As grounds for removal, ProEnergy states:

## PRELIMINARY STATEMENT

Plaintiffs, a multinational mining consortium in Ghana, Africa (the "Consortium"),

contracted with co-defendants Hiller Systems, DACON, and PEPCO to design and build an

industrial power plant in Ghana owned by the Consortium to support mining ventures. The Consortium then contracted with ProEnergy to operate the plant for six months before control transferred to the Ghana power generation authority. In February 2008, the plant was damaged by a fire in a turbine structure.

The contract between ProEnergy and the Consortium requires mandatory arbitration of disputes such as a property damage claim. Plaintiffs ignored the contract, however, and, on February 10, 2011, sued ProEnergy, Hiller, DACON, and PEPCO in Florida circuit court. The Consortium's state court causes of action against all defendants sound in breach of contract, negligence, and breach of warranty. On February 8, 2011, the Consortium filed the identical complaint in this district court, claiming federal subject matter diversity jurisdiction. Both complaints were served on ProEnergy on February 23, 2011. ProEnergy has separately moved to dismiss and compel arbitration in the Consortium's federal action, and seeks the same relief as to that action if the Court grants removal.[1]

The Consortium's state action against ProEnergy is ripe for removal. This Court has federal subject matter jurisdiction over the state action for two reasons: First, since the arbitration provision in ProEnergy's contract falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards as codified by the Federal Arbitration Act ("Convention Act"), there is federal question jurisdiction under 9 U.S.C. §§ 201, 203 & 205.[2]

---

[1] Should this Court grant removal, ProEnergy asks this Court to consolidate the removed action with the pending federal action, which has been assigned to Hon. M. Casey Rodgers, before ruling on ProEnergy's motion to dismiss and compel arbitration, which will ensure judicial and party economy.

[2] Section 201, titled, "Enforcement of Convention" states: "The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in the United States courts in accordance with this chapter."

Second, this Court has diversity jurisdiction because there is complete diversity of citizenship amongst the parties and the amount in controversy exceeds $75,000. The Consortium's jurisdictional allegations, adopted herein, conclusively establish the requisite elements of diversity jurisdiction under 28 U.S.C. § 1332. ProEnergy has satisfied the other requirements of removal including removing within 30 days from the date of service of the state court complaint and unanimous consent of the served co-defendants. For these reasons, ProEnergy removal of the state action is proper.

### FACTUAL BACKGROUND

1.  On or about February 7, 2011, Plaintiffs, NEWMONT GHANA GOLD LIMITED, GOLD FIELDS GHANA LIMITED, ANGLOGOLD ASHANTI (GHANA), and GOLDEN STAR ("BOGOSO/PRESTEA") LIMITED ("Consortium") sued ProEnergy and three co-defendants in Walton County, Florida circuit court (Case № 11CA000104). *A true copy of the state court docket, state court summons, and complaint are attached as Exhibit A.*

2.  One day earlier, the Consortium filed the identical action in this district court seeking the same relief against the same co-defendants. (Case № 3:11-cv-00062-MCR-EMT). *A true copy of the federal court complaint is attached as Exhibit B.*

---

Section 203, titled, "Jurisdiction; amount in controversy" says: An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such action or proceeding regardless of the amount in controversy.

Section 205, titled "Removal of cases from State courts" says: Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

3.      The Consortium's federal court complaint alleges this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).  ProEnergy agrees that the parties are citizens of different states.  The Plaintiffs are alleged to be Ghana companies.  The defendants are alleged to be Florida, Missouri, and Connecticut companies.  The alleged jurisdictional amount in controversy, in excess of $3 million, conclusively exceeds the $75,000 threshold.  *Exhibit A, ¶¶ 1- 18, 36.*

4.      The state and federal court complaints are otherwise one and the same.  Both allege that: (1) the Consortium contracted with ProEnergy to operate an industrial power plant in Tema, Ghana from October 2007 to March 2008 to support the Consortium's mining ventures in Ghana; (2) that co-defendants previously contracted with the Consortium to design and construct the plant and its fire suppression system; and (3) that all defendants' were liable for the occurrence of fire damage to the plant on or about February 8, 2008 due to the alleged failure of the plant's fire suppression system.  The identical complaints pled causes of action against all defendants for negligence, breach of contract, and breach warranty.  *Exhibits A and B.*

5.      The Consortium and ProEnergy are parties to a written contract, titled "Ghana Mining Industry Reserve Power Plant - Operations & Maintenance Agreement" ("Agreement").  *An authenticated copy of the Agreement is attached as Exhibit C.* [3]

6.      The Agreement contains a mandatory and enforceable arbitration provision, titled "Proper Law and Dispute Resolution," which states:

This Agreement shall be governed by and interpreted under English Law.

It is agreed that in case any controversy or claim arises out of or in relation to this Agreement or with respect to breach thereof, the parties shall seek to solve the matter amicably through discussions between the managing and or deputy

---

[3]     The Consortium referenced, but did not attach the Agreement to its pleadings in either forum.

managing director of each party to the controversy or claim.  <u>Any controversy or claim arising out of or in relation to this Agreement, or breach hereof, **shall be finally settled by arbitration** held in London</u>, England, <u>unless the parties agree to another location, on the following basis:</u>

- <u>The arbitration shall be conducted before one arbitrator in accordance with the United Nations Commission on International Trade Law (UNCITRAL) Arbitration Rules from time to time in force.</u>

- The proceedings shall be conducted in English language.

- The Consortium and the Operator shall bear each its own costs and shall each pay one half of the fees and expenses of the arbitrator.

- <u>Both parties shall be bound by the award rendered by the arbitrator and judgment thereon may be entered in any court of competent jurisdiction. **Arbitration shall be the sole means of dispute resolution, and no party shall seek recourse to any court of law**, (save for the purposes of enforcing an award)</u> subject to the Consortium having the right to seek equitable relief as expressly permitted in this Agreement.

*Exhibit C, p. 25.*

[<u>Emphasis Added</u>]

7.      Contemporaneously with filing of this removal petition, ProEnergy filed a Motion to Dismiss and Compel Arbitration in the pending federal action, which asserts that the arbitration provision is enforceable and the Consortium's dispute against ProEnergy should be arbitrated. *A copy of the motion is attached as Exhibit F.* [4]

8.      HILLER SYSTEMS, INC. has been served with Plaintiffs' state and federal court complaints and consents to removal. *Exhibit D.*

---

[4] The Agreement's arbitration provision is mandatory and enforceable under federal law.  *Sea Bowld Marine Group, LDC, v. Oceanfast PTY, Ltd.,* 432 F.Supp.2d 1305, 1309 (S.D. Fla. 2006) ("celebrated liberal policy favoring arbitration agreements"); *Olsher Metals Corp. v. Olsher,* 2003 WL 25600635 at * 6 (S.D.Fla.) ("If plaintiff's allegations touch matters covered by the arbitration agreement, then those claims must be arbitrated, irrespective of how the allegations are labeled.  This approach furthers the Act's strong presumption in favor of arbitration."); *Bautista v. Star Cruises,* 286 F.Supp.2d 1352, 1361 (S.D. Fla. 2003) (Strong presumption in favor of arbitration applies with special force in field of international commerce).

9.      PEPCO has been served with Plaintiffs' state and federal court complaints, and consents to removal. *Exhibit E.*

10.      Upon information and belief, DACON has not been served with the Complaint. According to Florida's division of corporations, DACON dissolved as a Florida corporation on September 25, 2009.

11.      A true and correct copy of the court file in the state court case is attached as *Exhibit G.*

## FEDERAL QUESTION JURISDICTION

12.      There are four jurisdictional prerequisites for removing a state action under the Convention Act:

(1)      There must be an agreement in writing within the meaning of the Convention;

(2)      The agreement must provide for arbitration in the territory of a signatory of the Convention;

(3)      The agreement must arise out of a legal relationship, whether contractual or not, which is considered commercial; and

(4)      There must be a party to the agreement that is not an American citizen, or the commercial relationship must have some reasonable relation with one or more foreign states.

*Allen v. Royal Caribbean Cruise, Ltd.,* 2008 WL 5095412 at * 4 (S.D.Fla.) *citing Bautista v. Star Cruises,* 396 F.2d 1289, 1295 n. 7 (11th Cir. 2005).

13.      The Agreement's arbitration provision satisfies the four jurisdictional requirements because:

(1)      The arbitration agreement is in writing within the meaning of the Convention. *Exhibit C, p. 25.*

6

(2)     The parties agreed that the arbitration should take place in England in the United Kingdom, a signatory to the Convention. *Exhibit C, p. 25; Exhibit D, p. 5.* [5]

(3)     The agreement arises out of an international commercial relationship – ProEnergy's contractual obligation to operate and maintain a power plant in Ghana for the Consortium. *Exhibit A, ¶ 31; Exhibit C, p. 3-4.*

(4)     None of the Consortium entities are American citizens.  The Consortium alleges each entity is a Ghana corporation and has its principal place of business in Accra, Ghana.   The commercial relationship between ProEnergy and the Consortium is related to a foreign state – Ghana, where the Consortium contracted with ProEnergy International and co-defendants for the "purchase, transport, construction, installation and transfer of [the power plant]." *Exhibit A, ¶¶ 1 - 6.*

14.     Furthermore, this petition is timely because it was filed before trial.  The plain language of Section 205 permits removal at any time before trial.  Therefore, the 30-day time limit to remove the case and secure unanimous consent from all served defendants under 26 U.S.C. § 1446(a) does not apply to this petition.  *Sheinberg v. Princess Cruise Lines,* 269 F. Supp. 2d. 1349, 1352 (S.D. Fla. 2003).

15.     Hence, this court has federal question jurisdiction over this dispute because the contract contains an arbitration provision that falls under the Convention Act.

<u>**DIVERSITY JURISDICTION**</u>

16.     According to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  The defendant seeking removal to federal court must demonstrate that the district court has original jurisdiction of the action pending in state court.  *Ayers v. General Motors Corp.,* 234 F.3d 514 (11th Cir. 2000); *Rudnick v. Sears,*

---

[5]     The United Kingdom has adopted the New York Convention.  9 U.S.C. § 1, Historical and Statutory Notes.

*Roebuck and Co.,* 358 F.Supp.2d 1201 (S.D. Fla. 2005). An action brought in state court may be removed on diversity jurisdiction if the defendant is not a citizen of the state in which the action is brought. *See* 28 U.S.C. §1441(b). The amount in controversy in a diversity action must exceed $75,000, exclusive of interest and costs.

17. There is complete diversity of citizenship of the parties. The Consortium Plaintiffs are all incorporated in Ghana with their principal places of business located in Accra, Ghana. *Exhibit A ¶¶ 1-6.* ProEnergy is incorporated and has its principal place of business in Missouri. *Exhibit A, ¶ 12.* The other co-defendants are domiciled in Florida and Connecticut. *Exhibit A, ¶¶ 9, 11, and 15.*

18. The amount in controversy, which the Consortium alleges is in excess of $3 million, exceeds $75,000, exclusive of interest and costs. *Exhibit A, ¶ 36.*

19. On February 23, 2011, the Consortium served ProEnergy with both the state and federal complaints. ProEnergy's removal notice is timely in accordance with 28 U.S.C. § 1446 because it was filed within 30 days of ProEnergy's receipt of the state complaint.

20. ProEnergy has timely procured unanimity of consent to remove from the served co-defendants in accordance with Section 1446. *Exhibits D & E.*

21. Contemporaneously with the filing of this Notice of Removal, ProEnergy has paid the removal fee and prepared the docketed file in the state action for delivery to this Court.

WHEREFORE, Defendants PROENERGY INTERNATIONAL SERVICES, INC., requests that the action now pending against it in the Circuit Court in and for Walton County, Florida, be removed there from to this Honorable Court, that this Court assume jurisdiction over

the cause herein as provided by law, and consolidate the removed state court action with the pending federal court action - Case №: 3:11-cv-00062-MCR-EMT.

Respectfully submitted,

MARLOW, CONNELL, ABRAMS,
ADLER, NEWMAN & LEWIS
Attorneys for Proenergy International Services, Inc.
4000 Ponce de Leon Blvd., Suite 570
Coral Gables, FL 33146
Telephone: 305-446-0500
Facsimile:   305-446-3667

By: _s/s/ Joel Adler_____
    JOEL ADLER (FBN: 283223)
    jadler@marlowconnell.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of March, 2011, I filed the foregoing document with the Clerk of the Court via electronic filing. I also certify that the foregoing document was served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: _s/Joel Adler_____

9

CASE NO: 3:11-cv-00062-MCR-EMT

## SERVICE LIST

**Newmont Ghana Gold Limited, et al. v. Hiller Systems, Inc.**
**Case Number: 3:11-cv-00062-MCR-EMT**
**United States District Court, Southern District of Florida**

### SERVICE LIST

---

**Attorneys for Plaintiffs:**    *Newmont Ghana Gold Limited*
*Gold Fields Ghana Limited,*
*Anglogold Ashanti (Ghana) Limited*
*Gold Star (Bogoso/Prestea) Limited*

Richard Dunn, Esq.
Cozen O'Connor
200 S Biscayne Blvd.
Suite 4410
Miami, FL 33131
Telephone: (305) 704-5940
Facsimile:  (305) 704-5955
E-mail: Rdunn@cozen.com

Elliott R. Feldman, Esq.
Gerard E. Belz, Jr. Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile:  (215) 665-2012
E-mail: Efeldman@cozen.com
E-mail: Gbelz@cozen.com
*Of Counsel*